Grasso v. EMA Design

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand fifteen.

PRESENT: DENNIS JACOBS,
RAYMOND J. LOHIER, JR.,
Circuit Judges,
GEOFFREY W. CRAWFORD,*
District Judge.

- - - - - - - - - - - - - - - - - - - - -X

Brenda Grasso,
Plaintiff-Appellant,

-v.-                                        14-4109

EMA Design Automation, Inc., and
Emmanuel Marcano,
Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - -X

---

\* Judge Geoffrey W. Crawford, of the United States District Court for the District of Vermont, sitting by designation.

**FOR APPELLANT:**                    Ryan C. Woodworth, The Woodworth
                                      Law Firm, Rochester, New York.

**FOR APPELLEES:**                    Scott D. Piper, Harris Beach
                                      PLLC, Pittsford, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-appellant Brenda Grasso appeals from the judgment of the United States District Court for the Western District of New York (Telesca, <u>J.</u>), granting summary judgment in favor of defendants-appellees EMA Design Automation, Inc., and Emmanuel Marcano. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. Plaintiff's job was eliminated and she was terminated. She claims that this was retaliation against her for engaging in protected activity (filing an administrative complaint of discrimination) under Title VII. <u>See</u> 42 U.S.C. § 2000e-3. We disagree.

To establish a prima facie case of retaliation under the burden-shifting framework set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973), a plaintiff must show "1) participation in a protected activity; 2) the defendant's knowledge of the protected activity; 3) an adverse employment action; and 4) a causal connection between the protected activity and the adverse employment action." <u>Zann Kwan v. Andalex Grp. LLC</u>, 737 F.3d 834, 844 (2d Cir. 2013) (citations and quotation marks omitted).

"Once the plaintiff has established a prima facie showing of retaliation, the burden shifts to the employer to articulate some legitimate, non-retaliatory reason for the employment action." <u>Id.</u> at 845. "For the case to continue, the plaintiff must then come forward with evidence that the defendant's proffered, non-discriminatory reason is a mere pretext for actual discrimination." <u>Weinstock v. Columbia Univ.</u>, 224 F.3d 33, 42 (2d Cir. 2000). The plaintiff must demonstrate that "the desire to retaliate was the but-for cause of the challenged employment action." <u>Univ. of Texas</u>

Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2528 (2013). However, "'but-for' causation does not require proof that retaliation was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive." Kwan 737 F.3d at 845-46 (citing Nassar, 133 S. Ct. at 2526, 2533).

Plaintiff has failed to raise a triable issue of fact that defendant's legitimate, non-retaliatory reasons were pretextual.

It is undisputed that between 2009 and 2011, defendant experienced the effects of an economic recession that caused its revenues to decline and led to cuts to its workforce, including the termination of more than a quarter of its employees between 2009 and 2010. Defendants stated that the reason plaintiff's position was eliminated was because of this financial distress and because they realized they could operate efficiently without plaintiff's position.

Moreover, it is further undisputed that plaintiff turned down defendant's offer of a different position after her original position was eliminated and that plaintiff had not been coming to work in the days leading up to her termination despite a doctor's note stating she could return.

A company-wide reduction in force is a legitimate non-discriminatory reason for employment termination, see Delaney v. Bank of Am. Corp., 766 F.3d 163, 168 (2d Cir. 2014), and refusal to appear for a job or perform job duties is a legitimate, nondiscriminatory reason for adverse employment action, see Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714 (2d Cir. 1996). Plaintiff's position was eliminated as part of a reduction in force due to economic concerns, she refused to accept the new position that was offered to her, and she was no longer coming to work. Plaintiff points to no record evidence that defendants' legitimate reasons for her termination were pretextual.

Although plaintiff is correct that the elimination of her position and her subsequent termination were close in time to her filing the discrimination complaint,[1] this is

---

[1] Plaintiff also claims that she engaged in protected activity in an April 19, 2010 meeting in which she

not enough to raise a triable issue of fact as to pretext. See El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010) ("The temporal proximity of events may give rise to an inference of retaliation for the purposes of establishing a prima facie case of retaliation under Title VII, but without more, such temporal proximity is insufficient to satisfy appellant's burden to bring forward some evidence of pretext.").

For the foregoing reasons, and finding no merit in Grasso's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

asked defendant if he would "treat a man" in the same way he was allegedly treating her. Regardless of whether this was protected activity, see Grant v. Hazelett Strip-Casting Corp., 880 F.2d 1564, 1569 (2d Cir. 1989), it does not change the analysis that plaintiff has put forward no evidence that defendants' reasons were pretextual.

4